EASTERBY v. McINTOSH.

APPEAL—DISMISSAL OF.—The clerk of this Court has no power to dismiss an appeal for defects in the "Case."

Motion in this Court to reinstate appeal dismissed by clerk, in case of Elizabeth P. Easterby, appellant, against W. J. McIntosh, respondent.

*Mr. W. H. Thomas*, for the motion.

*Mr. E. B. Hollings*, contra.

December 14, 1897. PER CURIAM. This was a motion to reinstate an appeal, dismissed by the clerk, under Rules 1, 2, and 5 of this Court. From an examination of the motion papers, as well as from the argument of counsel, we learn that the main if not the sole ground upon which the respondent relied, was that the "Case" did not contain *a copy* of the order or decree of the Circuit Judge appealed from, but only a statement of its purport and effect. Even if this were a fatal defect in the "Case," we know of no rule of this Court which invests the clerk with jurisdiction to dismiss an appeal on account of such defect, and hence there was error in dismissing the appeal under Rule 5 of this Court.

Inasmuch, however, as the clerk, in his order dismissing

the appeal, states that such order was granted under Rules 1, 2, and 5, it is necessary to consider whether there was such a violation of Rules 1 and 2 as would justify the granting of an order dismissing the appeal; for the clerk is invested with jurisdiction to dismiss an appeal under Rules 1 and 2. Those rules relate entirely to the "return," and the question, therefore, is whether there was such a violation of those two rules as would justify a dismissal of the appeal. From an examination of the return on file in this Court, we find that it does contain a copy of the decree or order of the Circuit Judge, and as no other defect in the return has been suggested, we must conclude that there was no ground for dismissing the appeal under Rules 1 and 2, and hence the appellant's motion to reinstate the appeal must be granted.

In accordance with these views, an order has heretofore been granted reinstating the appeal.